

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 8 2017

JAMES W. McCORMACK, CLERK
By _____ dBu _____
DEP CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**JAMES KENNETH ANDERSON, A. D. C. #99355,**
**Plaintiff,**

5:17-CV-292-BSM-PSH

**Vs.**

Civil Action No. _____

**MOHAMMED KAMEL, FADE MAHMOUD,**
**JEFFREY STIEVE, DR. ANISSA PEPPER,**
**GRISWOLD, WALKER, HENRY,**
**TIM R. FALOON, RAMONA HUFF,**
**DENISE KRABLIN, JENNIFER COX**
**PERSONS,**
**JOHN FELTS, DAWN VANDIVER,**
**ANDY SHOCK, JERRY RILEY,**
**JOHN BELKEN, A. CARPENTER,**
**WENDY KELLY, RORY GRIFFIN,**
**AND, M. D. JONES,**
sued in their individual and official capacities,
**Defendants.**

Judge,

_____

Magistrate Judge,

_____

_____

This case assigned to District Judge __Miller__
and to Magistrate Judge __Harris__

### JURY TRIAL DEMANDED

### COMPLAINT FOR MONEY DAMAGES AND INJUNCTION

### I. JURISDICITION

**1.** Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. This Court has jurisdiction

under 28 U.S.C. § 1331 and § 1343(a)(3). This Court has supplemental jurisdiction over

Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Plaintiff also seeks a declaratory

judgment pursuant to 28 U.S.C. § 2201, **and a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a).**

## II. <u>VENUE</u>

**2.** The Eastern District of Arkansas is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims have occurred in this district.

## III. <u>PARTIES</u>

**3.** Plaintiff, **James Kenneth Anderson**, was at all times relevant to this action a prisoner incarcerated at the Arkansas Department of Correction, under identification number 99355. Plaintiff's current address is P. O. Box 1000, at the Wrightsville Unit, in Wrightsville, Arkansas 72183-1000, which is located in the Eastern District of Arkansas.

**4.** Defendant, **Mohammed Kamel**, was at all times relevant to this action, the physician who was under contract with the state, to provide medical services to Plaintiff at state prison on part-time basis, and acted under color of state law within meaning of § 1983, when he treated Plaintiff, pursuant to the United States Supreme Court holding in *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 1001 L. Ed. 40, 56 USLW 4664. <u>Mohammed Kamel</u> is liable for Plaintiff's care and treatment, and sued in his individual and official capacities. <u>Mohammed Kamel's</u> address is U.A.M.S. Hospital, Medical Oncology Clinic "A", Cancer Institute, 4301 W. Markham St., #721-5, Little Rock, AR, 72205-7199.

**5.** Defendant, **Fade Mahmoud**, was at all times relevant to this action, the replacement physician, for <u>Mohammed Kamel</u>, who was under contract with the state, to provide medical

2

services to Plaintiff at state prison on part-time basis, and acted under color of state law within meaning of § 1983, when he treated Plaintiff pursuant to the United States Supreme Court holding in West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 40, 56 USLW 4664.  Fade Mahmoud is liable for Plaintiff's care and treatment, and sued in his individual and official capacities.  Fade Mahmoud's address is U.A.M.S. Hospital, Medical Oncology Clinic "A", Cancer Institute, 4301 W. Markham St., # 721-5, Little Rock, AR, 72205-7199.

**6.** Defendant, **Jeffery Stieve**, was at all times relevant to this action and is the Regional Director for Correct Care Solutions, who was under contract with the state, to provide medical services for Plaintiff at state prison on part-time basis, and acted under color of state law within meaning of § 1983, when he treated Plaintiff, pursuant to the United States Supreme Court holding in in *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 1001 L. Ed. 40, 56 USLW 4664. Jeffery Stieve is liable for the Plaintiff's care and treatment, and sued in his individual and official capacities.  Jeffery Stieve's address is: 6814 Princeton Pike, White Hall, AR 71602; and, Humphries, Odum, and Eubanks, Attorney's for Medical Defendants, address is: 7300 Dollarway Road, Suite 112, P.O. Box 20670, White Hall, AR 71612-0670. Phone: (870) 247-7035.

**7.** Defendants, **Dr. Anissa Pepper**, and Physician Assistants **Griswold, Walker**, and **Henry**, were at all times relevant to this action, the physician who was under contract with the state, to provide medical services to Plaintiff at state prison on part-time basis, and acted under color of state law within meaning of § 1983, when he treated Plaintiff, pursuant to the United States Supreme Court holding in *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 1001 L. Ed. 40, 56 USLW 4664.  **Dr. Anissa Pepper**, and Physician Assistants **Griswold, Walker**, and **Henry**, are all liable for Plaintiff's care and treatment, and sued in their individual and official capacities.

3

Defendants named and described herein above, addresses are all at Tucker Unit, P. O. Box 240, State Farm Road, Tucker, AR, 72168-0240; and, 6814 Princeton Pike, White Hall, AR 71602.

**8.** Defendants, **Timothy Ryan Faloon**, was the Health Services Administrator, for Correct Care Solutions, at the Tucker Unit, and **Ramona Huff** was the <u>Director of Nurses</u>, at the Tucker Unit, and Nurses **Denise Krablin**, **Jennifer Cox**, and **Ms. Persons** were at all times relevant to this action, the Administrator, Director of Nurses, and Nurses for Correct Care Solutions, at Tucker Unit, who were all under contract with the state, to provide medical services to Plaintiff at state prison on part-time basis, and acted under color of state law within meaning of § 1983, when he treated Plaintiff, pursuant to the United States Supreme Court holding in *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 1001 L. Ed. 40, 56 USLW 4664. <u>Timothy Ryan Faloon, Ramona Huff, Denise Krablin</u>, <u>Jennifer Cox</u>, and <u>Ms. Persons</u> are all liable for Plaintiff's care and treatment, and sued in their individual and official capacities. Defendants named and described herein above, addresses are all at Tucker Unit, P. O. Box 240, State Farm Road, Tucker, AR, 72168-0240, and 6814 Princeton Pike, White Hall, AR 71602.

**9.** Defendants, **John Felts**, **Dawn Vandiver**, **Andy Shock**, **Jerry Riley**, **John Belken**, and **Abraham Carpenter**, were at all times relevant to this action the <u>Chairman</u>, <u>Vice-Chairman</u>, <u>Secretary</u>, and <u>Commissioners</u> for the Arkansas Parole Board and liable for violating Plaintiff's Constitutional Rights to <u>Medical Parole</u> for his <u>terminal illness with cancer</u>, in violation of state law of A. C. A. § 12-29-404(c)(1). The Defendants, **Chairman John Felts**, **Vice Cairman Dawn Vandiver**, **Secretary Andy Shock**, and **Commissioners Jerry Riley**, **John Belken**, and **Abraham Carpenter**, are all sued in their individual and official capacities for subjecting your Plaintiff Anderson to <u>Illegal imprisonment</u> in violation of state law of A. C.

4

A. § 16-112-123, Illegal imprisonment, Defendant's address is the Arkansas Parole Board, 105 W. Capitol, Suite 500, Little Rock, AR, 72201, Phone No. (501) 682-3850.

**10.** Defendant's **Wendy Kelly** and **Rory Griffin** are both the **Directors** for the Arkansas Department of Correction, and at all times relevant to this action as the Directors for the A.D.C. Defendants **Wendy Kelly** and **Rory Griffin** are both liable for Plaintiff's care and treatment, and sued in their individual and official capacities for violation of Plaintiff's Constitutional Rights to Medical Parole in violation of state laws of A.C.A. § 12-29-404(2)(b), ORDERED by Correct Care Solutions **Dr. Melanie Deborah Jones**, License Number: E-4992, for the Plaintiff's terminal illness with diagnosis of stage four, metastatic cancer, prognosis of imminent death, since **May 15, 2017**, when U.A.M.S. Hospital, **Dr. Fade Mahmoud**, told Plaintiff chemotherapy with Taxotere **may give Plaintiff a year, to a year and a half, more time to live.** Defendants', Wendy Kelly and Rory Griffin, addresses are both at P. O. Box 8707, Central Office, Pine Bluff, Arkansas, 71611-8707.

**11.** Defendant, **Melanie Deborah Foster Jones**, was and is at all times relevant to this action the Physician for Correct Care Solutions, who is under contract with the state, to provide medical services for Plaintiff at State prison on a part-time basis, and acted under the color of state law within meaning of § 1983 when she subjected plaintiff to palliate treatment medications without providing a referral for consultation with an Oncology Specialist to cure Plaintiff's past critical condition of urgency for cancer treatment and present detected symptoms capable of causing Plaintiff's death. Defendant, **Melanie Deborah Foster Jones**, is sued in her individual and official capacities pursuant with the authority invested in the United States Supreme Court holding in *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 1001 L. Ed. 40, 56 USLW 4664.

Defendant **Melanie Deborah Foster Jones's** address is: 8400 Highway 386, P. O. Box 1000,

Wrightsville, AR, 72183-1000.  Phone: (501) 897-2884 Fax: (501) 897-5716.

## IV. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

**12.** Plaintiff's exhausted Administrative Remedies by means of grievances, and <u>Director's</u>

decisions are attached hereto for the Court's inspection of the Plaintiff's good faith to his

complaints.

## V. <u>FACTUAL ALLEGATIONS</u>

**13.** Plaintiff, **James Kenneth Anderson**, during all times relevant hereto, was a state

prisoner of Arkansas Department of Correction under identification number 99355, and herein

after referred to as Anderson.  Plaintiff Anderson's current address is P. O. Box 1000,

Wrightsville, Arkansas, 72183-1000.

**14.** Anderson was diagnosed with prostate cancer by Arkansas Urology Clinic Dr. Tim

Goodson in Little Rock, Arkansas while Anderson was working in hazardous, cancer causing

conditions, at the Ouachita River Correctional Unit in Malvern, Arkansas.  Dr. Tim Goodson

performed successful surgery to abate Anderson's cancer, and prescribed post-operative medical

orders for treatment for Anderson for A.D.T. (Lupron) shots every three, (3), years to prevent

Anderson's cancer from increasing in severity, (exacerbated), and prevent Anderson's cancer

from changing positions, or spreading from the initial or primary site in Anderson's prostate to

another part of Anderson's body, (metastasis).

**15.** In February, 2013, Anderson was subjected to retaliatory transfer, (for utilizing the

inmate grievance procedure), from the care and treatment by Arkansas Urology Clinic, Dr. Tim

Goodson, at the O.R.C.U., Malvern Unit, to the Tucker Unit, in Tucker, AR; and, also

transferred from Dr. Tim Goodson, to U.A.M.S. Hospital **Dr. Mohammed Kamel**; and, Correct

Care Solutions **Dr. Jeffery Stieve**, and his Physician Assistants, **Pepper, Griswold, Walker,**

and **Henry,** and Clinic Manager, **Timothy Ryan Faloon**, and Director of Nurses **Ramona Huff**,

and Nurses **Denise Krablin, Jennifer Cox**, and **Ms. Persons**, and each, and all of them, named

and described herein, conspired collectively, and in concert, with acquiescence, to enforce cost

containment, by denying Plaintiff Anderson's access to Arkansas Urology Clinic Dr. Tim

Goodson's post-operative orders for A.D.T., (Lupron), shots every three, (3), months, for three,

(3), years!  These aforenamed and described Defendants subjected Plaintiff to: **IMMINENT**

**DANGER OF SERIOUS PHYSICAL INJURY**, BY DENYING Plaintiff's access to Dr. Tim

Goodson's post-operative orders for cancer treatment from **February 2013**, to **October 27**, **2016**,

that caused Plaintiff's cancer to exacerbate to metastatic, with diagnosis of stage four, (4), bone

cancer and prognosis of imminent death!

    **16.** On October 6, and October 13, 2016, Tucker Unit, had Plaintiff transported to see

U.A.M.S. **Dr. Mohammed Kamel**; **Dr. Kamel** asked Plaintiff: **"Why didn't Dr. Goodson**

**remove your prostate? " "Where have you been for the past three, (3), years?" "I would**

**like to try to save your life; but, I'm afraid I am too late."** … (**IMMINENT DANGER OF**

**CAUSING DEATH**)

    **17. On October 17, 2016,** the Parole Board members **John Felts, Dawn Vandiver,**

**Andy Shock, Jerry Riley,** and **John Belken, ORDERED: "TRANSFER TO ACC**

**SUPERVISION"**… However, Plaintiff was subjected to another retaliatory transfer for his

utilizing the grievance procedure.  **Director Rory Griffin's** responses to Plaintiff Anderson's

Grievances Numbered Tucker Unit -16-00931 and Tucker Unit -16-01103, are attached hereto

for inspection, which clearly state in pertinent part: "You departed from the Tucker Unit on **October 27, 2016**, and your grievance is a duplicate of grievance number: North Central -16-01092, refer to that response." **Director Rory Griffin** had Plaintiff transferred from Tucker Unit to North Central Unit, where Plaintiff filed Grievance Number: North Central Unit -16-01047, which clearly states in pertinent part: "Your treatment was delayed due to being transferred"... "This grievance is **with merit**," (attached hereto for inspection).  Plaintiff filed Grievance Number: North Central -16-01092, and **Director Rory Griffin's** response, (attached hereto for inspection), clearly states in pertinent part: **"On November 29, 2016, U.A.M.S. Dr. Fade Mahmoud noted"** ... **"THAT YOU WERE TO COMPLETE THREE YEARS OF ADT, (Lupron); HOWEVER, YOU ONLY RECEIVED ONE ADT SHOT."**

      **18.** A.D.C. **Director Rory Griffin's** retaliatory transfer of Plaintiff Anderson from Tucker Unit, to North Central Unit, on October 27, 2016, where Correct Care Solutions **Dr. Hearyman, Dr. Rhoader, Nurses Brink, Hall, Huston, Turner,** and **Murray,** and each of them, all, conspired collectively, in concert, tactically, and systematically, to disobey, neglect, fail, and refuse to comply with U.A.M.S. **Dr. Fade Mahmoud's orders to DISCONTINUE the DISPENSE of Casodex and Prednisone** with the Plaintiff's chemotherapy treatments with Taxotere, which caused your Plaintiff Anderson's **IMMINENT DANGER OF DEATH**, from loss of blood from internal injuries, bloody urine, bloody feces, as clearly shown within Plaintiff's grievances numbered North Central -16-01113, and North Central -16-01139, Which show the Court that: **"Casodex was given to Plaintiff, by mouth, every day**, twice a day," ... **"prior to these errors being caught." "Nursing medication education was done as an improvement plan on prevention of medication errors"** ... ATTACHED HERETO FOR THE COURT'S INSPECTION ... FOUND WITH MERIT.

**19. Director, Rory Griffin** subjected Plaintiff to another retaliatory transfer from the North Central Unit to the O.R.C.U. Hospital Unit in Malvern for blood transfusions at St. Vincent Hospital in Little Rock, and a week of monitoring and more transfusions at U.A.M.S. Hospital in Little Rock, where Plaintiff filed Grievance Number: Special Needs Hospital -17-0007, attached hereto for the Court's inspection of Plaintiff's requests for Proton radiation rods that are a PROVEN CURE for stage four bone cancer.  Dr. Nannette Vowell told Plaintiff that he needed Proton Radiation Rod treatments.

**20.** On January 13, 2017, Plaintiff was subjected to another retaliatory transfer from the O.R.C.U. Hospital Unit to the Wrightsville Unit where Correct Care Solutions Dr. **Melanie Foster Jones** told Plaintiff that Regional Director for Correct Care Solutions, **Jeffery Stieve, M.D., ORDERED** her to only provide Plaintiff with **palliate** treatment medication to reduce the violence, ease the symptoms, without curing the underlying cancer, (and, cover by excuses and apologies), and moderate the intensity of Plaintiff's pain and suffering with pain medications. Plaintiff filed Grievances Numbered: Wrightsville Unit, (WR), WR-17-00039; WR-17-00073; WR-17-00303; WR-17-00304; WR-17-00271; WR-17-00279; and WR-17-00330, (attached hereto for inspection), to show the Court that Plaintiff Anderson is being subjected to the repetitive, continuous, systematic, and malicious abuse of discretion, with knowledge of impending, imminent danger of death, with deliberate indifference for Plaintiff's past critical condition of urgency, for proper Proton Radiation treatment, and present detected symptoms capable of causing death, by withholding any proper treatment whatsoever, to cure cancer. U.A.M.S. Hospital **Dr. Mohammed Kamel abandoned Plaintiff's care and treatment for three, (3), years** at Tucker Unit, causing **imminent danger of serious physical injuries** to Plaintiff that was **diagnosed** by U.A.M.S.  **Dr. Fade Mahmoud** as stage four, metastatic, with

prognosis of imminent death!  Dr. Fade Mahmoud told Plaintiff that chemotherapy with Taxotere for six, (6), months, should give Plaintiff about **a year, to a year and one half, more to live**. Plaintiff's last chemotherapy treatment was **May 15, 2017**.  On September 12, and 19, 2017, **Dr. Mahmoud** told Plaintiff that he did not know what to prescribe for treatment for Plaintiff's cancer.  **Director Rory Griffin's** responses show **Dr. Mahmoud** has not prescribed any treatment whatsoever, for Plaintiff's cancer.  Lupron is for organ cancer.  Proton radiation rods is for bone cancer.  Plaintiff's cancer has spread from his organs to his bones....

21. Wrightsville Unit, Correct Care Solutions, **Dr. Melanie Foster Jones** ORDERED for Medical Parole for Plaintiff under state law of A.C.A. § 12-29-404, and **Directors, Wendy Kelly, and Rory Griffin**, violated state law of A.C.A. § 12-29-404(2)(b), which clearly states: "The **Director** of the Department of Correction **SHALL**, (mandatory), communicate to the Parole Board when, in the independent opinions of either a Department of Correction physician, (Dr. Melanie Foster Jones), and a consultant physician, (Dr. Melanie Foster Jones), and a consultant physician in Arkansas, an inmate is either terminally ill or permanently incapacitated and should be considered for transfer to parole supervision..." **Directors, Rory Griffin and Wendy Kelly**, and/or the Parole Board members **John Felts, Dawn Vandiver, Andy Shock, Jerry Riley, John Belken,** and **Abraham Carpenter** have neglected, failed, or refused to comply with A.C.A. § 12-29-404(c)(1), which clearly states: "Upon receipt of a communication described in subsection (b) of this section, the board **SHALL**, (mandatory), assemble or request all such information as is germane to determine whether the inmate is eligible under this section for immediate transfer to parole supervision."

22. Hazardous medical products that are made with toxic metals, and are defective, loose, make loud popping noises, and cause instability, disability, and intense, intolerable pain caused

10

Plaintiff to file Grievances Numbered: WR-17-00203 and WR-17-00260, found **"WITH MERIT"** and <u>attached hereto for inspection</u>.  Plaintiff's knee implants have been replaced twice by **Dr. John Lytle**, and Arkansas Bone and Joint **Dr. Mark Bailey**.  **Dr. Bailey** told Plaintiff that he needed to place a **MENISCUS** with Plaintiff's knee implant.  However, **Doctor Melanie Foster Jones**, has neglected, failed, and refused to submit a referral for consultation with Orthopedic Specialist for this ongoing problem.  Therefore, Plaintiff requests this Court to intervene in his behalf.

**23.** Correct Care Solutions, **Dr. Melanie Foster Jones**, has prescribed hydrocodone and morphine for Plaintiff's pain and suffering with cancer; and, hazardous, defective, and toxic metals in his knee implant.  **Dr. Jones** increased dosage of the hydrocodone and morphine to get Plaintiff mentally and physically addicted.  Then, when Plaintiff files grievances about not being provided with proper treatment for his cancer, and defective knee implant, **Dr. Jones** discontinues Plaintiff's pain medications by repetitively and continuously refusing to reorder them <u>knowingly and intentionally when Plaintiff files grievances</u>.  Arkansas State Medical Board, License Verification Information, for **Melanie Deborah Jones, M.D.**, (attached hereto for inspection), shows , on page 1 of 2, and page 2 of 2, that Dr. Jones's <u>License Status</u>: **Inactive**, and <u>License Category</u>: **Withdrawn**, that was **Queried on Monday, September 11, 2017, at 8:00 p.m., for the Court's inspection**.

**24.** Correct Care Solutions and companies that fall under its corporate umbrella, battle six wrongful death lawsuits in Colorado, and numerous others in at least nine states alleging negligence or substandard care.  In addition to wrongful death claims, Correct Care Solutions has been named as a defendant in an additional 37 pending lawsuits in Colorado.  Correct Care Solutions of Nashville, Tennessee, has been accused of putting profits ahead of patients, by

neglecting inmates health needs, to trim costs. See: The Deadly Cost of the Entrepreneurs Hustle; and, attached hereto for the Court's inspection.

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT I</u>

### <u>Plaintiff Was Subjected to Cruel and Unusual Punishment in Violation of The Eighth Amendment to the Constitution. and Denied Due Process and Equal Protection of The Fourteenth Amendment.</u>

**25**. Plaintiff incorporates paragraphs one, (1), through twenty-four, (24) as though they were stated fully herein.

**26.** Defendants **Mohammed Kamel and Fade Mahmoud violated Plaintiff's Eighth Amendment Right to Be Free From Cruel and Unusual Punishment and denied Due Process and Equal Protection of The Fourteenth Amendment by denying Plaintiff's access to Dr. Tim Goodson's post-operative orders for cancer treatment** with ADT, (Lupron), shots every three, (3), months for three, (3), years, causing Plaintiff's cancer to exacerbate to metastasis to **stage four diagnosis and prognosis of imminent death, wrongful death**.

**27.** Defendant's **Mohammed Kamel and Fade Mahmoud violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and denied Due Process and Equal Protection of The Fourteenth Amendment by depriving Plaintiff of access to** the advanced technology and proven cures with Keytruda and Opdivo, and prescribing obsolete and harmful Taxotere that is notorious for preventing a cure for cancer, and causes cancer to exacerbate to metastasis.

**28.** Defendants **Mohammed Kamel and Fade Mahmoud violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and Denied Due Process and Equal Protection of the Fourteenth Amendment by** <u>depriving Plaintiff access to Proton Radiation, (rods), treatment that is a proven cure for cancer in bones.</u>

## Count II

**Plaintiff was denied Due Process Under the Fourteenth Amendment to the United States Constitution, and Subjected to Cruel and Unusual Punishment in Violation of the Eighth Amendment to the Constitution.**

**29.** Plaintiff incorporates paragraphs one, (1), through twenty-four, (24) as though they were stated fully herein.

**30.** Defendants **Jeffery Stieve, Anissa Pepper, Griswold, Walker, Henry, Tim R. Faloon, Ramora Huff, Denise Krablin, Jennifer Cox and Ms. Persons**, **violated Plaintiff's Fourteenth Amendment rights to due process and equal protection** of Dr. Tim Goodson's post-operative orders for ADT, (Lupron), shots, for three, (3) years; and, U.A.M.S. Hospital for Dr. Mohammed Kamel and Dr. Fade Mahmoud referrals for consultation for Plaintiff's cancer treatments with ADT, (Lupron), for three, (3), years at the Tucker Unit, and **Subjected Plaintiff to Cruel and Unusual Punishment in Violation of The Eighth Amendment to the Constitution.**

**31.** Defendants **John Felts, Dawn Vandiver, Andy Shock, Jerry Riley, John Belken, Abraham Carpenter**, violated Plaintiff's **Fourteenth Amendment rights to due process and equal protection** of **Medical Parole** for Plaintiff's terminal illness in violation of state laws of A.C.A. § 12-29-404(c)(1), and **RESCINDED** Plaintiff's Parole on October 6, 2016, **ORDER**

13

**TO TRANSFER TO ACC SUPERVISION**, after Dr. Melanie Deborah Foster Jones

**ORDERED** for Plaintiff for **MEDICAL PAROLE**, pursuant to A.C.A. § 12-29-404(b).

32. Defendants, **Wendy Kelly and Rory Griffin**, both violated Plaintiff's **Eighth**
**Amendment rights to be free from cruel and unusual punishment**; and, **Fourteenth**
**Amendment rights to due process and equal protection of Medical Parole for Plaintiff's**
**terminal illness** in violation of state laws of A.C.A. § 12-29-404(2)(b).

33. Defendant, **Melanie Deborah Foster Jones**, violated **Plaintiff's Eighth Amendment**
**rights to be free from cruel and unusual punishment; and, violated the Plaintiff's**
**Fourteenth Amendment rights to due process and equal protection** of referrals for
consultations with Oncology Specialists for Plaintiff's life threatening injuries; and, Orthopedic
Specialists for Plaintiff's injuries caused by hazardous medical products that are defective, loose,
and made with toxic metals causing infection, instability, and disability from left knee implant
without a meniscus to correct the ongoing pain, and suffering, and irreparable harm.

34. Defendants, **Jeffery Stieve**, and **Melanie Foster Jones violated the Plaintiff's**
**Eighth Amendment rights to be free from cruel and unusual punishment; and, Fourteenth**
**Amendment rights to due process and equal protection of the contract agreement by and**
**between the State of Arkansas, Department of Correction, and Board of Corrections; and**
**Correct Care Solutions, to provide proper medical treatment for Plaintiff's life threatening**
**cancer, that is commensurate to that found anywhere in the state.**

## VI. **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that this Court:

A.  **Declare** that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States; and subjected Plaintiff to imminent danger of serious physical injury in order to proceed without payment for filing fee;

B.  **Order** Defendants to pay compensatory and punitive damages;

C.  **Order** Defendants to pay reasonable attorney fees and costs; and

D.  **Grant** other just and equitable relief that this Honorable Court deems necessary.

Respectfully submitted,

*James Kenneth Anderson*

James Kenneth Anderson
A.D.C. # 99355
P.O. Box 1000
Wrightsville, AR 72183-1000

Dated: _November / 7th_ /2017

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.  Executed and dated on

_November / 7th_ /2017.

*James Kenneth Anderson*

James Kenneth Anderson
A.D.C. # 99355
P.O. Box 1000
Wrightsville, AR 72183-1000

## **CERTIFICATE OF SERVICE**

I, James Kenneth Anderson, A.D.C. # 99355, hereby certify that the Defendant's

Attorneys, (Medical Defendants), Humphries, Odum, and Eubanks, Attorneys for Medical

Defendants, 7300 Dollarway Road, Suite 112, P.O. Box 20670, White Hall, AR 71612-0670,

Phone: (870) 247-7035, have been served a duplicate copy of the foregoing motion for

preliminary injunction and/or protective order, and verified complaint, on

this _____7th_____ day of _Novemeber_ , _of_ , 2017.

Respectfully submitted,

*James Kenneth Anderson*

James Kenneth Anderson
A.D.C. # 99355
Wrightsville Unit
Wrightsville, AR 72183-1000

**PCAR515**

**Parole Board**
**Record of Release Consideration**

**Date:** 10/17/2016
**Time:** 09:22 AM

**ADC:** 099355B        **NAME:** Anderson, James Kenneth
**UNIT:** Tucker Unit
**HEARING DATE:** 10/06/2016        **HEARING TYPE:** Transfer Board Hearing

The action of the board and the most significant reasons for that action are recorded below. For a more complete explanation, contact the Institutional Parole Officer. After due deliberation, the Board ordered the following action:

**ACTION:**
Transfer To ACC Supervision

**REASONS FOR ACTION:**
None

**PRE RELEASE CONDITIONS:**
None

**CONDITIONS OF RELEASE:**
Maximum Supervision
Periodic Testing
Total Abstinence
Community Service Hours
No Association W/Victim or Victim's Family

**BOARD IMPOSED DATE:**

**COMMENTS:**
None

All releases are subject to approval of suitable plan.
Recorded for the Arkansas Parole Board.

**INMATE COPY**
**STATE COPY**
**INSTITUTIONAL PAROLE SERVICES COPY**

UNIT LEVEL GRIEVANCE FORM(Attachment I)

Unit/Center **TUCKER**

Name **James Ken Anderson**

ADC# **99355**    Brks # **6-B**  Job Assignment **yard keeper**

FOR OFFICE USE ONLY

GRV. # *TU-16-00931*

Date Received: *10/10/16*

GRV. Code #: *601*

**10-7-16** (Date) STEP ONE:  Informal Resolution

**10-7-16** (Date) STEP TWO:  Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: **Past conditions of urgency has produced present detected symptoms that can cause death!**

_____, (Date) EMERGENCY GRIEVANCE  (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature.  If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt.  In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* **Yes** *If yes, circle one:* (medical) *or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected.  (Please Print): **On 10-6-16, U.A.M.S., Oncology Doctor Kamel examinated, biopsied, and diagnosed me with exacerbated cancer coupled with appendicitis and diverticulums damage to my intestines. Please enable me to be referred for consultation with a Gastrointerology Specialist for surgery to remove my appendix, diverticulums, and damaged intestines in order for recovery of normal intestinal function to occur. Cancer, appendicitis, and diverticulums, are all life threatening, and to deny my access to proper medical treatment while my symptoms, pain, and suffering continue to increase in severity, subjects a substantial risk of physical harm in that my past conditions requiring urgency has produced present detected symptoms that can cause death.**

**J.K. Anderson, A.D.C. #99355**        **October 7, 2016**

Inmate Signature                                            Date

*If you are harmed,threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on **10-7-16** (date), and determined to be **Step One** and/or an Emergency Grievance **yes** (Yes or No).  This form was forwarded to medical or mental health? **No** (Yes or No).  If yes, name of the person in that department receiving this form: **Mrs. Huff**  Date _____

**Sgt m. Clemu**      **3143**    **M. Clemu**        **10-7-16**
PRINT STAFF NAME (PROBLEM SOLVER)    ID Number    Staff Signature            Date Received

Describe action taken to resolve complaint, including dates: **The Tucker Provider will review the specialist's recommendations and proceed accordingly.**

**G.K. Anderson  10-7-2016**

Staff Signature & Date Returned **10-7-16**  Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**.  Is it an Emergency? _____ (Yes or No).

Staff  Who Received Step Two Grievance: _____  Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other)  Date: _____

If forwarded, provide name of person receiving this form: _____  Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts;  **BLUE** - Grievance Officer;  **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.          ADC #: 099355          GRIEVANCE#:TU-16-00931

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On October 7, 2016, you submitted an Informal Resolution asking to be referred to a gastroenterologist to have surgery to have your appendix, diverticulum, and damaged intestines removed so that recovery of normal intestinal function can occur. You state you were seen by Dr. Kamel, UAMS oncologist, on October 6, 2016 who examined, biopsied, and diagnosed you with exacerbated cancer coupled with appendicitis and diverticulum damage to your intestines. You state cancer, appendicitis, and diverticulums are all life-threatening. You state your past urgent conditions produced present detected symptoms that can cause death.

The medical department responded, "You were informed at the time of resolution on 10/7/16 that the Tucker Provider will review the specialist's recommendations and proceed accordingly. A review of your medical record indicates that the Tucker Provider agrees with the specialist's recommendation and has submitted follow up consults (approved by the Regional Medical Director) for further evaluation and treament if found to be medically necessary based on those study results. It is the medical opinion of the Tucker provider that you are receiving appropriate care and follow up at this time."

Your appeal states Dr. Kamel is not a gastroenterologist. You state your diverticulum damaged intestines are bleeding excessively. You state your past critical condition of urgency has exacerbated and produced the current symptoms, which you state are capable of causing death. You state you need surgery.

You were seen by Dr. Kamel at UAMS on October 6, 2016 for a biopsy of your prostate. Dr. Kamel recommended that his office be contacted in a week for the results of the biopsy. Dr. Kamel did not note any recommendations regarding your appendix, diverticulums, or intestines, nor did he recommend that you see a gastroenterologist. You were seen by Dr. Kamel on October 13, 2016 for a follow-up regarding the biopsy results. You have not been referred to a gastroenterologist as it has not been deemed medically necessary by your provider. I encourage you to utilize the sick call process to have your medical issues addressed.

This appeal is without merit.

_____          _____

Director                                        Date    12/6/16

IGTT430                                        Page 1 of 1

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center __North Central Unit__

Name __James Ken Anderson__

ADC# __99355__   Brks # __3__   Job Assignment __L.C.C. Garage__

FOR OFFICE USE ONLY

GRV. # __TU-16-01103__

Date Received: __12/09/16__

GRV. Code #: _____

__11-30-16__ (Date) STEP ONE: Informal Resolution

__12-5-16__ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: __No response provided yet. Please provide due process protection of the grievance procedure.__

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* __Yes__ *If yes, circle one:* (medical) *or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, __date__, place, name of personnel involved and how you were affected. (Please Print): __U.A.M.S. Medical Oncology Clinic - A, Winthrop P. Rockefeller Cancer Institute, 4301 W. Markham Street, # 721-5 Little Rock, AR. 72205-7199, Clinic telephone number: 501-686-8530, Toll Free: 877-201-8530, Fax: 501-686-8543, Doctors Kamel and Mahmoud have both told me that the Correct Care Solutions Regional Director Jeffrey Stieve, and his Physician Assistants Griswold, Walker, Pepper, and Henry, all conspired collectively, in concert, in accuiescence, with Clinic Manager Timothy Ryan Falcon, Director of Nurses Ramona Huff, Denise Krablin, Persons, and Jennifer Cox, for the past three (3) years since transfer from Malvern, to Tucker in February 2013, to withhold and deny my access to Doctor Kamel's prescribed medical orders for treatment for my cancer, with expensive hormone, (Lupron), injections and Kasodex pills, and, on 11-29-16, Dr. Mahmoud told me that they caused my cancer to exacerbate to metastatic and subject me to symptoms of imminent danger of death. The N.C.U. C.O.'s took me to U.A.M.S. because Tucker Unit caused life threat injuries.__

__James Ken Anderson, 99355__                    __November 30, 2016__

Inmate Signature                                        Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on _____ (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____   Date _____

PRINT STAFF NAME (PROBLEM SOLVER) _____   ID Number _____   Staff Signature __RECEIVED-DEPUTY DIRECTOR__   Date Received _____

Describe action taken to resolve complaint, including **dates**: __ARKANSAS DEPARTMENT OF CORRECTION__

_____

_____ JAN 25 2017 _____

Staff Signature & Date Returned _____   Inmate Signature __HEALTH & CORRECTIONAL PROGRAMS__

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____   Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____   Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK -** Inmate Receipts; **BLUE -** Grievance Officer; **ORIGINAL -** Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.          ADC #: 099355          GRIEVANCE#:TU-16-01103

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On November 30, 2016, you grieved that CCS' denial of treatment caused your prostate cancer to return. You state you were seen by Dr. Mahmoud on November 29, 2016 and he told you that the withholding of your prescribed Lupron and Casodex by CCS staff over the past three years caused your cancer to metastasis and increase to stage four. You state the denial of your cancer treatment has subjected you to imminent danger of death.

The medical department responded, "A review of your medical record indicates significant clinical workups and subsequent treatments for a myriad of conditions of which you have been diagnosed during the period of your incarceration. Prior to your departure from the Tucker Unit on 10/27/16, you were undergoing follow up off-site specialty appointments for these conditions which included repeat diagnostic testing for Prostate Ca as a result of newly exhibiting symptoms. The Tucker Provider, in collaboration with the Regionnal Medical Director, outlined a treatment plan as recommended by those specialists -- at no time was medically necessary treatment withheld or denied based on your clinical presentation."

You appealed using the Acknowledgement Form stating that you have not received the medical department's response to your grievance.

This grievance is a duplicate of grievance #NC-16-01092, refer to that response. Per policy, duplicate grievances are without merit.

---

Director _____          Date  2/28/17

<u>UNIT LEVEL GRIEVANCE FORM</u>(Attachment I)

Unit/Center **North Central**                    RECEIVED NOV 1 8 2016

Name **James Ken Anderson**

ADC# **99355**      Brks # **3**      Job Assignment **I.C.C. Garage**

| FOR OFFICE USE ONLY | |
|---|---|
| GRV. # | **NC-16-01047** |
| Date Received: | **11/18/16** |
| GRV. Code #: | **600** |

**11-15-16**(Date) STEP ONE: Informal Resolution

**11-18-16**(Date) STEP TWO:  Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: **Past critical condition of urgency for surgery has caused present detected symptoms of death.**
_____, (Date) EMERGENCY GRIEVANCE  (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature).  If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt.  In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* **yes** *If yes, circle one:* (medical) *or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): **I have been diagnosed with stage four - cancer that is metastatic with life threatening injuries exacerbated - from hepatitus c virus. My past critical condition of urgency for surgery - has been withheld, and caused presently detected symptoms of death...**

**On 11-15-2016, C.M.S., Dr. Hearyman, had A.D.C. officers to have me - to come to the clinic... Dr. Hearyman asked me why was I transferred - from Tucker, away from U.A.M.S. Hospital, to N.C.U., in critical condition - of urgency for surgery... Dr. Hearyman told me to send clinic manager - Ms. Turner a request for my surgery, scheduled at U.A.M.S. Hospital at - Tucker Unit, before my transfer to N.C.U... Please reschedule me for my - surgery, for my injuries, clearly shown in my endoscopy and colonoscopy - pictures of my injuries, in my medical records, as soon as possible. Respectfully submitted.
I remain,**

**J.K. Anderson # 99355**                    **11-15-2016**
Inmate Signature                                 Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

<u>THIS SECTION TO BE FILLED OUT BY STAFF ONLY</u>
This form was received on **11/15/16** (date), and determined to be (Step One) and/or an Emergency Grievance
**NO** (Yes or (No)). This form was forwarded to (medical) or mental health? (yes) (Yes or No).  If yes, name of the person in that department receiving this form: **Mrs. Murphy**          Date **11/15/16**
**Sr. C. McCullough          5b469          (illegible signature)          11/15/16**
PRINT STAFF NAME (PROBLEM SOLVER)     ID Number     Staff Signature          Date Received
Describe action taken to resolve complaint, including **dates**: **Your consult has been opproved And your Appointment is pending.**
_____

**(illegible) M (illegible) 11/7/16**                    **J.K. Anderson # 99355  11-17-16**
Staff Signature & Date Returned                       Inmate Signature & Date Received
This form was received on _____ (date), pursuant to **Step Two**.  Is it an Emergency? _____ (Yes or No).
Staff  Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.        ADC #: 099355        GRIEVANCE#:NC-16-01047

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On November 15, 2016, you grieved that your past critical condition of urgency for surgery has been withheld and caused presently detected symptoms of death. You ask to be scheduled for surgery at UAMS for your injuries shown in your endoscopy and colonoscopy pictures. You also state that you have been diagnosed with state four metastatic cancer.

The medical department responded, "Your treatment was delayed due to being transferred. You are now being monitored by the providers at NCU and the consults are being done accordingly. However this grievance is with merit but resolved."

Your appeal states your treatment for life threatening metastatic cancer was withheld and caused your past critical condition to exacerbate, and caused your present detected symptoms of death that were diagnosed at UAMS by Dr. Mahmoud.

According to the grievance policy, an appeal cannot raise new or additional issues or complaints. The grievance policy also states, "the inmate should write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses and how the policy or incident affected the inmate submitting the form". You did not state what surgery you are requesting or being denied. Without such information, your allegations cannot be properly investigated.

A review of your electronic Medical Record does not show that you were scheduled for surgery prior to being transferred to North Central from Tucker. My staff spoke to the Health Services Administrator at North Central regarding their response, and were advised that the treatment they were referring to was your chemo treatment, not surgery.

This appeal is without merit.

_____        _____
Director                                                              Date    2/1/17

**UNIT LEVEL GRIEVANCE FORM** (Attachment I) *RECEIVED DEC 08 2016*

Unit/Center **North Central Unit**

Name **James Ken Anderson**

ADC# **99355**     Brks # **3**     Job Assignment **medical**

FOR OFFICE USE ONLY

GRV. # **NC-16-01092**

Date Received: **12/8/16**

GRV. Code #: **600**

**12/6/16** (Date) STEP ONE: Informal Resolution

**12/7/16** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: **On 11-29-16, U.A.M.S. doctors Mahmoud and Kamel diagnosed imminent danger of death by withholding cancer treatment meds.**

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* **yes** *If yes, circle one:* (medical) or mental

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how you were affected. (Please Print): **On 12-5-16, Warden Williams, Major Knott, and C.C.S., P.A. Rhoder, and nurses Hall, Turner, and Murray, all told me that I would get the cancer treatment, withheld by C.C.S., Tucker Unit, Dr. J. Stieve, Dr. Pepper, P.A./A.N.P. Griswold, M. Walker, Henry, H.S.A. Tim R. Faloon, D.O.N. Ramona Huff, Denise Krablin, Jennifer Cox, and records nurse Persons for the past three years. On 11-29-16, U.A.M.S. Oncology Dr. Mahmoud told me my past critical condition of urgency for Dr. Tim Goodson, and Dr. M. Kamel's prescribed medical orders for Lupron injections, and Kasodex pills, withheld by the above named, Tucker Unit, C.C.S. staff for the past three years (since my transfer from Malvern Unit to Tucker in February, 2013), subjected me to my imminent danger of death, and presently detected symptoms of death diagnosis of metastatic cancer, increased in severity to stage four, caused by withholding Dr. Kamel's orders for my cancer treatment, with Lupron and Kasodex, with culpable knowledge of impending, imminent danger of death, for the past three years, and, malicious, systematic, repetitive, continuous, ongoing neglect, failure, and refusal to prevent it, with deliberate indifference for my life threat need for treatment... James Ken Anderson, 99355          December 6, 2016**

Inmate Signature                                        Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on **12/6/16** (date), and determined to be **Step One** and/or an Emergency Grievance **No** (Yes or No). This form was forwarded to medical or mental health? **yes** (Yes or No). If yes, name of the person in that department receiving this form: **Medical**          Date **12/6/16**

**Sgt G Green**          **33869**          **S Green**          **12/6/16**
PRINT STAFF NAME (PROBLEM SOLVER)     ID Number     Staff Signature     Date Received

Describe action taken to resolve complaint, including **dates**: **You cannot grieve anything more than 15 days**

**M Walker**  **12/7/16**                    **James Ken Anderson 12-7-16**
Staff Signature & Date Returned                    Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____ Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____ Date: _____

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

Attachment VI

INMATE NAME: Anderson, James K.      ADC #: 099355      GRIEVANCE#:NC-16-01092

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

On December 6, 2016, you grieved that CCS' denial of treatment caused your prostate cancer to return. You state you were seen by Dr. Mahmoud on November 29, 2016 and he told you that the withholding of your prescribed Lupron and Casodex by CCS staff over the past three years caused your cancer to metastasis and increase to stage four. You state the denial of your cancer treatment has subjected you to imminent danger of death and shows deliberate indifference.

Your grievance was rejected at the unit level for being untimely; however, you appealed the rejection stating your grievance was filed and appealed within the time frames.

You were seen by Dr. Mahmoud, oncologist at UAMS, on November 29, 2016. Dr. Mahmoud noted that you had a history of prostate cancer, that you completed radiation in December 2014, and that you were to complete three years of ADT (Lupron); however, you only received one ADT shot. He noted that your last imaging was on June 30, 2016 and showed the cancer to be organ confined; however, your PSA started trending up and restaging bone scan and an MRI of the pelvis confirmed metastatic bone disease.

Dr. Mahmoud did not note that the lack of ADT caused your cancer to progress.

This appeal is without merit.

_____ / _____   _____2/1/17_____
Director                                    Date

IGTT430
3GD

INMATE NAME: Anderson, James K.        ADC #: 099355        GRIEVANCE#:NC-16-01092

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On December 6, 2016, you grieved that CCS' denial of treatment caused your prostate cancer to return. You state you were seen by Dr. Mahmoud on November 29, 2016 and he told you that the withholding of your prescribed Lupron and Casodex by CCS staff over the past three years caused your cancer to metastasis and increase to stage four. You state the denial of your cancer treatment has subjected you to imminent danger of death and shows deliberate indifference.

Your grievance was rejected at the unit level for being untimely; however, you appealed the rejection stating your grievance was filed and appealed within the time frames.

You were seen by Dr. Mahmoud, oncologist at UAMS, on November 29, 2016. Dr. Mahmoud noted that you had a history of prostate cancer, that you completed radiation in December 2014, and that you were to complete three years of ADT (Lupron); however, you only received one ADT shot. He noted that your last imaging was on June 30, 2016 and showed the cancer to be organ confined; however, your PSA started trending up and restaging bone scan and an MRI of the pelvis confirmed metastatic bone disease.

Dr. Mahmoud did not note that the lack of ADT caused your cancer to progress.

This appeal is without merit.

_____                _____
Director                                        Date    2/1/17

UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center **North Central Unit** RECEIVED DEC 19 2016

Name **James Ken Anderson**

ADC# **99355**   Brks # **3**   Job Assignment ~~**unassigned**~~ *medically*

| FOR OFFICE USE ONLY |
|---|
| GRV. # NC-16-01113 |
| Date Received: 12/19/16 |
| GRV. Code #: 600 |

**12/16/16** (Date) STEP ONE: Informal Resolution

**12/19/16** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: **NO DUE PROCESS PROVIDED. PLEASE PROVIDE DUE PROCESS FOR THE GRIEVANCE PROCEDURE...**

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* **yes** *If yes, circle one:* (medical) *or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): On 12-14-16, U.A.M.S. Hospital Oncology Dr. mahmoud and Dr. Kamel told me that my past critical condition of urgency for the cancer treatments they ordered and withheld, has caused my present detected symptoms of death diagnosis of stage four metastatic cancer causing loss of my life. Dr. mahmoud told me that chemotherapy could possibly give me about fifteen, 15, more months to live if my cancer injuries has not caused to much loss of blood... U.A.M.S. Lab technicians did my blood work and told me my cancer injuries have caused to much loss of blood to withstand chemotherapy treatment.. C.C.S. nurse Turner told me that she would arrange a blood transfusion/infusion so I could withstand chemotherapy treatment... On 12-15-16, C.C.S. nurse Turner and A.D.C. transportation officers had me on standby to go get the blood transfusion/infusion necessary for me to withstand chemotherapy treatment, and then told me that they could not obtain the medical orders or gate pass necessary to go get the blood that is necessary for chemotherapy treatment.. ~~Please provide due process protection for my grievance..~~ **Respectfully submitted**

**J.K. Anderson, 99355**                                         18th day of December, 2016
Inmate Signature                                                 Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

RECEIVED DEPUTY DIRECTOR
ARKANSAS DEPARTMENT OF CORRECTION

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on _____ (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

PRINT STAFF NAME (PROBLEM SOLVER) _____ ID Number _____ Staff Signature _____ Date Received
Describe action taken to resolve complaint, including dates: _____

RECEIVED DEPUTY DIRECTOR
ARKANSAS DEPARTMENT OF CORRECTION

JAN 04 2017

Staff Signature & Date Returned _____ Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

------------------------------------------------------------------------------------------

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

Attachment VI

INMATE NAME: Anderson, James K.          ADC #: 099355          GRIEVANCE#:NC-16-01113

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On December 16, 2016, you grieved that you were not taken for your blood transfusion. You state you were seen by the oncologist at UAMS on December 14, 2016, and you were not able to have your chemotherapy done because your cancer has caused you to lose too much. You state Mrs. Turner told you that she would arrange a blood transfusion for you. You state on December 15, 2016, Nurse Turner and ADC transportation officers put you on standby to go get the blood transfusion, but then they told you that they could not find the orders or Gate Pass necessary for you to go get the transfusion.

The medical department responded, "When you went to have the first Chemotherapy your blood count was too low to proceed. UAMS sent the lab results to NCU and Ms. Turner called the lab at Calico and they requested to know what the platelets were and she told them. They then instructed Ms. Turner that the platelets were not low enough for a blood transfusion. Ms. Turner then called UAMS and they told her the same thing, that the platelets were not low enough. Your blood count is being monitored and your Oncologists is working on possible treatment due to low blood count; therefore this grievance is without merit."

Your appeal states Dr. Mahmoud and Dr. Kamel have both told you that their recommended treatment that was withheld from you for three years was to keep your cancer from going into your bones. You state your PSA levels were elevated; yet, CCS refused to send you to the oncologist at UAMS until your present symptoms, and you were diagnosed with stage four cancer.

According to the grievance policy, an appeal cannot raise new or additional issues or complaints.

You did not appeal the medical departments response.

However, nurse Brink noted on December 14, 2016 that you returned from UAMS where you were to have your chemo treatment, but that it was not completed because your platelet count was too low. She noted that the paperwork from UAMS was supposed to be faxed to the unit later that day. Dr. Hearyman submitted a consult on December 15, 2016 for you to follow-up with Dr. Mahmoud and noted that the notes from UAMS were still pending; however, per a verbal report, your thrombocytopenia needed to be addressed before you were scheduled to return to oncology for chemo. He also noted that per UAMS, your platelet count on December 14, 2016 was 63 and that your last platelet count at the unit was on October 21, 2016 and the count was 62. Dr. Hearyman noted that a platelet transfusion was not typically done until platelet count was below 20.

This appeal is without merit.

_____          _____          2/15/17
Director                                          Date

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center North Central Unit

Name James Ken Anderson

ADC# 99355 ___ Brks # 3 ___ Job Assignment medically unassigned

| FOR OFFICE USE ONLY |
| --- |
| GRV. # NC-16-01139 |
| Date Received: 12-30-16 |
| GRV. Code #: 600 |

12-27-16 (Date) STEP ONE: Informal Resolution

12-30-16 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why:_____
PLEASE PROVIDE DUE PROCESS FOR THE GRIEVANCE PROCEDURE.

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: IMMINENT DANGER OF DEATH AS DIAGNOSIS OF STAGE FOUR METASTATIC CANCER IS PROGNOSIS OF DEATH.

*Is this Grievance concerning Medical or Mental Health Services?* yes *If yes, circle one:* (medical) or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how **you** were affected. (Please Print): For three weeks Doctors Hearyman, Rhoader, and nurses Hall, Hutson, Turner, Murray, have ordered pill window dispense nurses, et al., to administer dispense of Kasodex and prednisone twice daily, and 100 mg. of tramadol three times daily, causing chemotherapy to be cancelled for three weeks, deliberatly-indifferent to U.A.M.S. Oncology Dr. M. Kamel's orders to only take prednisone, only, 24 hours before chemotherapy. Nurse Duran advised of E.O.M.I.S. and M.A.R. as-shown on monitor at pill dispense window, to only take prednisone, only 24 hours before-chemotherapy, cancelled for the past three weeks. For three years Doctors Pepper, Stieve-Griswold, Walker, Henry, and nurses Faloon, Huff, Krablin, Cox, Persons, denied my access-to Oncology Clinic Dr. T. Goodson's post-operative orders for Lupron injections every-three months, and Dr. M. Kamel's orders for hormone therapy injections every 3 months-until my past critical condition of urgency produced p.s.a. levels six to ten times above-normal range, and presently detected symptoms capable of causing death diagnosis of-exacerbated, metastatic, stage four cancer, caused by retaliatory transfers to Malvern-to Tucker to Calico Rock to deny my access to grievance, court, and cancer treatment, and-this A.D.C., Kelly, Griffin, conspiracy with C.C.S. subjects me to substantial risk of imminent danger of death. Grievance officers K. Payne and P. Johnson deny process for my grievances.

Inmate Signature A.K. Anderson, 99355 ___ Date 27th day of December, 2016
*If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on 12/27/16 (date), and determined to be Step One and/or an Emergency Grievance
_____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name
of the person in that department receiving this form: MS. Hall ___ Date 12/27/16
T. Valentine ___ 5336? ___ [signature] ___ 12-27-16
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received
Describe action taken to resolve complaint, including dates: _____
_____
_____

[illegible handwriting] See Attached James Anderson 12-29-2016
Staff Signature & Date Returned _____ Inmate Signature & Date Received

This form was received on _____ (date), pursuant to Step Two. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

**Response answer for grievance on 12/27/16**

**You had Casodex 50 mg ordered on 12/09/16 1 by mouth every day**

**You were given 1 by mouth twice a day on 12/13, 12/15, 12/16, 12/17, and 12/18 prior to the error being caught.**

**Nursing medication education was done as an improvement plan on prevention of medication errors.**

IGTT430
3GD

INMATE NAME: Anderson, James K.          ADC #: 099355          GRIEVANCE#:NC-16-01139

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On December 27, 2016, you grieved that your chemotherapy was delayed three weeks because your Prednisone was being administered twice daily instead of 24 hours prior to your chemotherapy as ordered by Dr. Kamel at UAMS. You state Nurse Duran advised you of Dr. Kamel's order for the Prednisone to only be administered 24 hours before chemotherapy. You state you were denied access to Dr. Tim Goodson's post-operative orders for Lupron injections and Dr. Kamel's orders for hormone therapy injections for three years until your PSA levels became six to ten times above the normal level, which caused you to develop stage four cancer. You state out of retaliation, you were transferred to Malvern, Tucker, and North Central in order to deny you access to grievances, court, and cancer treatment.

The medical department responded, "Nurse Duran wrote a witness statement stating "after IM returned and not started his chemotherapy and wasn¬ t sure exactly when he was going to be able to start it, I told him that the order read that he was to start taking it 2 days before he did start chemo. treatments." On 12/12/16 you were called to the infirmary by Nurse Jones and instructed that you would start the Prednisone as ordered by Dr. Fade Mahmound ¬ he will need it 5 mg po bid to start 2 days before his chemotherapy and take it continuously till the 6 cycles are over then will taper off.¬ She educated you on the dosage and how often to take the medication and for how long. Medication Education was done on 12/12/16, but however since you were instructed by another nurse that the order stated two days before you start chemo treatments; this grievance is with merit but resolved."

Your appeal states the Tucker Unit withheld Dr. Goodson's and Dr. Kamel's orders for your cancer medications for three years and then transferred you to North Central when your PSA levels became critical. You state the medical staff at North Central subjected imminent danger of death and transferred you to Wrightsville after you passed blood and could not walk. You state you were also issued the wrong medications from October 28, 2016 through January 13, 2017.

According to the grievance policy, an appeal cannot raise new or additional issues or complaints. Also according to the grievance policy, "The Unit Level Grievance Form should only address one problem/issue and not multiple problems/issues. An inmate must use a separate form for each issue. Only one issue will be addressed." The issue regarding the Lupron injections and hormone treatment was addressed in my appeal response to grievance #NC-16-01092, refer to that response.

You were seen by Dr. Kamel on November 29, 2016 and he recommended six cycles of chemotherapy and noted that you would need to take Prednisone 5 mg twice daily to start two days before your chemotherapy and to take it continuously until the six cycles are over then taper off. Your chemotherapy was delayed due to your low blood count.

This appeal is without merit.

Director _____          Date _____2/28/17_____

UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center **Ouachita River Hospital Unit**

FOR OFFICE USE ONLY
GRV. # _SNH 17-00007_
Date Received: _4-13-17_
GRV. Code #: _600_

Name **James Ken Anderson**

ADC# **99355**   Brks # **Hospital** Job Assignment **Hospital Room #11**

**4-10-17** (Date) STEP ONE: Informal Resolution

**4-13-17** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: **Doctors order Taxotere to prevent cure after withholding Lupron post-op orders for 3 years.**

_____ , (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* **yes** *If yes, circle one:* (medical) *or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): **C.C.S. Doctors Jeff Stieve, M. Jones, G.S. McKinney, and Vowel, all conspire in concert with U.A.M.S. Doctor Kamel and Doctor Mahmoud to subject me to a treatment regimen with taxotere. Taxotere is notoriously harmful to the immune system. Pharmacy Companies that make, sell, and advertise proven cancer cures with Keytruda and Opdivo, report that Keytruda and Opdivo have been proven to cure cancer IF the patient has not been previously subjected to chemotherapy with taxotere... 4-3-17 was my last date to be subjected to taxotere for cure. Taxotere prevents a cure with Keytruda and Opdivo... So, why order me to take Taxotere that prevents a cure with Keytruda or Opdivo? Why withhold Lupron/ADT for three years? Is this ignorance, negligence, or intent to cause my prognosis of imminent death? PROTON RADIATION AND A Proton Radiation rods inserted into bones or tumors is a known proven cure. C.C.S. and U.A.M.S. doctors conspired and withheld Lupron for three years to exacerbate cancer, to prognosis of death, and ordered Taxotere to prevent cure.**

**James Ken Anderson, # 99355**            **10th day of April, 2017**
Inmate Signature                              Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on _4-10-17_ (date), and determined to be **Step One** and/or an Emergency Grievance _Yes_ (Yes or No). This form was forwarded to medical or mental health? _Yes_ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

_J. Cosby_       _34327_        _Cpt. _____          _4-10-17_
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature      Date Received

Describe action taken to resolve complaint, including **dates:** _Your Cancer treatment is determined and provided outside of the facility the providers at this unit do not determine your chemotherapy drugs._

_Warden 44277_                         _J. K. Anderson_   _4/13/17_
Staff Signature & Date Returned               Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

MAY 15 2017

Deputy Director
Grievance Coordinator

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.        ADC #: 099355        GRIEVANCE#:SNH17-00007

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On April 10, 2017, you grieved that CCS providers are conspiring with the doctors at UAMS to treat you with Taxotere, which you state is notoriously harmful to the immune system. You state pharmacy companies that make, sell, and advertise proven cancer cures with Keytruda and Opdivo report that Keytruda and Opdivo have been proven to cure cancer if the patient has not been previously subjected to chemotherapy with Taxotere. You question why you are being treated with Taxotere if it prevents a cure with Keytruda and Opdivo. You state proton radiation and proton radiation rods inserted into the bones or tumors is a known cure. You also state that CCS and UAMS doctors conspired and withheld Lupron for three years to exacerbate cancer and are now ordering Taxotere to prevent a cure.

The medical department responded, "As stated in the step one response, your chemotherapy regimen is determined and administered by UAMS and outside providers. The providers at this unit do not determine the chemotherapy drugs that you are prescribed. This grievance is without merit."

Your appeal states UAMS' Dr. Kamel withheld post-op orders to prevent cancer and now UAMS' Dr. Mahmoud ordered Taxotere to prevent a cure. You state Keytruda and Opdivo are immunotherapy treatment drugs advertised on TV to cure cancer if the patient has not had chemotherapy that destroys the immune system. You state proton radiation is a known cure for cancer.

As stated in the medical department's response, your chemotherapy regimen is determined and administered by specialists outside of the unit medical department. Any questions or concerns you have regarding your treatment plan need to be directed to the specialists as they specialize in cancer treatment. You are past the allotted time frame to grieve the issue regarding Lupron treatment; however, this issue has been addressed in previous grievances.

The unit providers do not determine the chemotherapy drugs you are prescribed; therefore, this appeal is without merit.

_____        _____
Director                                        Date        6/17/17

IGTT430
3GD

Attachment VI

INMATE NAME: Anderson, James K.       ADC #: 099355       GRIEVANCE#:WR-17-00039

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On February 6, 2017, you grieved that you have a prognosis of imminent death due to being retaliated against. You state Pepper, Stieve, King, Griswold, Walker, Henry, Faloon, Huff, Krablin, Cox, and Persons all conspired collectively to deny you access to Dr. Tim Goodson's post-operative orders for your cancer treatment of Lupron injections by transferring you from ORCU to Tucker from February 2013 to October 2016, to Calico Rock on October 28, 2016 to Wrightsville on January 13, 2017.

The medical department responded, "Your conditon has been monitored and maintained with on site and off site medical care being provided here at the Wrightsville unit. You currently remain under medical supervision for your medical conditions and am also receiving off site medial care from UAMS. Your grievance is without merit as I am unable to determine the basis of your medical complaint at Wrightsivlle."

Your appeal states the medical department could not respond to your grievance due to the grievance officer assigning two different grievance numbers to this grievance.

The medical department stated they were unable to determine the basis of your medical complaint at Wrightsville, not that they could not respond to your grievance.

As you stated in your Informal Resolution, you were transferred to Wrightsville on January 13, 2017. Per policy, an inmate has 15 days after the occurrence of an incident to submit a grievance. You are past the allotted time frame to grieve this issue; therefore, the merits of this issue will not be addressed at this time. I encourage you to adhere to the grievance procedure.

_____       _____
Director                               Date          5/10/17

IGTT430
3GD

INMATE NAME: Anderson, James K.          ADC #: 099355          GRIEVANCE#:WR-17-00073

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

On February 23, 2017, you grieved that UAMS' Dr. Kamel caused imminent danger to your health by withholding Dr. Tim Goodson's post-operative orders for cancer treatment with Lupron injections every three months for your cancer, FOR THREE, (3), YEARS.

The medical department responded, "Your condition has been monitored and maintained by Dr. Jones and you are receiving the care per your condition by your site MD and offsite oncologist as prescribed. Your grievance is without merit as you are being treated for your prostate cancer."

Your appeal states your medical record will reflect that Dr. Tim Goodson and Dr. Kamel both withheld post-operative medical orders for Lupron treatments that caused your cancer to exacerbate to metastatic stage four. You state you were subjected to imminent danger of death by Dr. Kamel.

According to the grievance policy, matters beyond the control of the Department of Correction are non-grievable. Dr. Kamel is employed by UAMS. The medical treatment provided by outside providers is not governed by the Arkansas Department of Correction or Correct Care Solutions; therefore, this appeal is without merit.

_____          _____
Director                                              Date          5/10/17

IGTT430                                          Page 1 of 1

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center **Wrightsville Unit**

Name **James Ken Anderson**

ADC# **99355**    Brks # **1**    Job Assignment **medical**

FOR OFFICE USE ONLY

GRV. # **WR-17-00233**

Date Received: **7/20/17**

GRV. Code #: **600**

**7-17-17** (Date) STEP ONE: Informal Resolution

**7-20-17** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
_____ If the issue was not resolved during Step One, state why: **Denied access to medical-treatment by withholding bone scan x-rays and m.r.i. after chemotherapy.**

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

_Is this Grievance concerning Medical or Mental Health Services?_ **yes** _If yes, circle one: medical or mental_

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): **U.A.M.S. Oncology Specialist Dr. Fade Mahmoud's prescribed medical orders for bone scan x-rays and magnetic resonance imaging are both past due for determining whether or not my cancer is in remission or organ confined or exacerbated metastatic...**

_____

_____

Received

AUG 22 2017              2 0 RECD

Deputy Director
Health & Correctional Programs    By

_____

**James Ken Anderson, 99355**            **7-17-2017**
Inmate Signature                            Date

_If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee._

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on **7/17/17** (date), and determined to be **Step One** and/or an Emergency Grievance **No** (Yes or No). This form was forwarded to medical or mental health? **No** (Yes or No). If yes, name of the person in that department receiving this form: **J. Vicen, RN** Date **7-20-17**

**Ed. Pok** **6613** **Ed. Pok** **7/17/17**
PRINT STAFF NAME (PROBLEM SOLVER)    ID Number    Staff Signature    Date Received

Describe action taken to resolve complaint, including **dates**: **Mr. Anderson, we have an appointment for your follow-up @ UAMS scheduled.**

_____

**J. Vicen 7-20-17** **A. K. Anderson 7/20/17**
Staff Signature & Date Returned         Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____ Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____ Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.        ADC #: 099355        GRIEVANCE#:WR-17-00233

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On July 17, 2017, you grieved that you have not had the bone scan x-rays and MRI that Dr. Mahmoud, oncologist, ordered to determine whether or not your cancer is in remission, organ confined, or has exacerbated.

The medical department responded, "You have a consult that is authorized and in timeframe of requested repeat EGD.. Your grievance is therefore without merit. Please be patient as we have it scheduled and you will be going out in the very near future."

Your appeal states an EGD is for gastroenterology, cancer is oncology. You state Dr. Mahmoud's orders for a bone scan x-ray and MRI are being denied.

You were seen by UAMS oncology on May 15, 2017 and it was recommended that images be completed at your next visit, not for the images (bone scan or MRI) be completed prior to your next visit.

This appeal is without merit.

_____          _____
Director                                              Date          9/30/17

IGTT430                          Page 1 of 1

**UNIT LEVEL GRIEVANCE FORM**(Attachment I)

Unit/Center **WRIGHTSVILLE UNIT**

Name **James Ken Anderson**

ADC# **Ø99355**   Brks # **12**   Job Assignment **Think Legacy**

| FOR OFFICE USE ONLY |
| --- |
| GRV. # **WR-17-00303** |
| Date Received: **9-11-17** |
| GRV. Code #: **600** |

**9/7/17** (Date) STEP ONE: Informal Resolution

**9/11/17** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: **No due process response.**
**Please provide due process for my imminent danger of harm...**

**9/11/17** (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: **WITHOLDING DOCTOR'S ORDERS FOR MY CANCER TREATMENT SUBJECTS ME TO SUBSTANTIAL RISK OF PHYSICAL HA**

*Is this Grievance concerning Medical or Mental Health Services?* **YES** *If yes, circle one:* (medical) *or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): **C.C.S, Dr. Melanie Foster Jones and her P.A. Marie Lane, and Director of Nurses Ms. Trice, Ms. McCauley, and Ms. Thornton have all conspired collectively in concert, to deny my access to U.A.M.S. Oncology Specialist Fade Mahmoud's orders for my cancer treatment.. On 9-6-17, C.C.S. Nurse Thornton told me that Dr. Melanie Foster Jones was responsible, and liable, for withholding my access to Lupron, A.D.T, M.R.I, bone scan X-rays ordered by U.A.M.S. Oncology Specialist Fade Mahmoud for my cancer. Nurse Thornton told me that she was going to intervene in my behalf and try to get C.C.S. Nurse Nelson to schedule an appointment for me to go to Oncology at U.A.M.S. because the C.C.S. Health Service Clinic Administrator Vesta Mullins Blanks told her I wrote a grievance on her. Withholding U.A.M.S. Oncology Dr. Mahmoud's orders for my cancer treatment subjects me to a substantial risk of harm, and imminent danger of death.**

**J.K. Anderson, 99355**
Inmate Signature

**9-7-17**
Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on _____ (date), and determined to be **Step One** and/or an Emergency Grievance **yes** (Yes or No). This form was forwarded to medical or mental health? **yes** (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

_____ _____ _____ _____
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature                     Date Received

Describe action taken to resolve complaint, including **dates**: _____
_____
_____
_____

_____          _____
Staff Signature & Date Returned                    Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT400                                                                          Attachment II
3GR

# ACKNOWLEDGMENT OR REJECTION OF UNIT LEVEL GRIEVANCE

TO: Inmate   <u>Anderson, James K.</u>            ADC #:   <u>099355B</u>
FROM:   Shoyode, Adesina J                      TITLE:   <u>ADC Inmate Grievance Coord</u>
DATE:   <u>09/11/2017</u>                        GRIEVANCE #:   <u>WR-17-00303</u>

Please be advised, I have received your Grievance dated <u>09/11/2017</u> on <u>09/11/2017</u> .
Your grievance was rejected as either non-grievable, untimely, duplicative, frivolous, or vexatious.

_____
Signature of ADC Inmate Grievance Coord

# CHECK ONE OF THE FOLLOWING

◌ This Grievance will be addressed by the Warden/Center Supervisor or designee.

◌ This Grievance is of a medical nature and has been forwarded to the Health Services Administrator who
   will respond.

◌ This Grievance involves a mental health issue and has been forwarded to the Mental Health Supervisor
   who will respond.

◌ This Grievance has been determined to be an emergency situation, as you so indicated.

◌ This Grievance has been determined to not be an emergency situation because you would not be subject
   to a substantial risk of personal injury or other serious irreparable harm. Your Grievance will be processed
   as a Non-Emergency.

◉ This Grievance was REJECTED because it was either non-grievable ( ), untimely, was a duplicate of <u>WR-
   17-00271</u> , or was frivolous or vexatious.

# INMATE'S APPEAL

If you disagree with a rejection, you may appeal this decision within five working days by filling in the
information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director. Keep in
mind that you are appealing the decision to reject the original complaint. Address only the rejection; do not list
additional issues, which were not a part of your original grievance as they will not be addressed. Your appeal
statement is limited to what you write in the space provided below.


_____         _____         _____
Inmate Signature                     ADC #                                Date


IGTT400                              Page 1 of 1

UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center **WRIGHTSVILLE UNIT**

Name **James Ken Anderson**

ADC# **099355**   Brks # **12**   Job Assignment **Think Legacy**

FOR OFFICE USE ONLY

GRV. # _WR-17-02204_

Date Received: _9/11/17_

Grv. Code# _600_

**9/7/17** (Date) STEP ONE: Informal Resolution

**9/11/17** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: About a month past due
for Lupron, ADT, shot due 8/15/17. Withholding doctors orders for treatme

**9/11/17** (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: Last Lupron shot on May 15, 2017, and I am due August 15, 2017, for Lupron. Withholding doctors orders for cancer treatmen

*Is this Grievance concerning Medical or Mental Health Services?* **YES** *If yes, circle one:* (medical) *or mental*

BRIEFLY state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how you were affected. (Please Print): C.C.S. Dr. Melanie Foster Jones and her P.A. Marie Lane, and Director of Nurses Ms. Trice, Ms. McCauley, and Ms. Thornton have all conspired collectively in concert to deny my access to U.A.M.S. Oncology Specialist Fade Mahmoud's orders for my cancer treatment. On 9-6-17, C.C.S. Nurse Thornton told me that Dr. Melanie Foster Jones was responsible, and liable, for withholding my access to Lupron, A.D.T., M.R.I., bone scan X-rays ordered by U.A.M.S. Oncology Specialist Fade Mahmoud for my cancer. Nurse Thornton told me that she was going to intervene in my behalf and try to get C.C.S. Nurse Nelson to schedule an appointment for me to go to Oncology at U.A.M.S. because the C.C.S. Health Service Clinic Administrator Vesta Mullins Blanks told her I wrote a grievance on her. Withholding U.A.M.S. Oncology Dr. Mahmoud's orders for my cancer treatment subjects me to a substantial risk of harm, and imminent danger of death.

*J.K. Anderson, 99355*                              9-7-17

Inmate Signature                                      Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on ___9/7/17___ (date), and determined to be **Step One** and/or an Emergency Grievance _Yes_ (Yes or No). This form was forwarded to medical or mental health? _yes_ (Yes or No). If yes, name of the person in that department receiving this form: _C. Givens - LPN_ Date _9/7/17_

_Orvo      Clad_         _2081_        _O. Givens_          _9-7-17_
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received

Describe action taken to resolve complaint, including dates: _Mr. Anderson, I have spoke with Dr. Mahmoud's nurse and with your next Lupron injection you will receive_

Staff Signature & Date Returned _J. Tucker 9/11/17_   _J.K. Anderson  9-11-17_
                                                        Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____ Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____ Date: _____

--------------------------------------------------------------------------

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT400
3GR

Attachment II

# ACKNOWLEDGMENT OR REJECTION OF UNIT LEVEL GRIEVANCE

TO: Inmate  <u>Anderson, James K.</u>          ADC #:  <u>099355B</u>
FROM:  Shoyode, Adesina J               TITLE:  <u>ADC Inmate Grievance Coord</u>
DATE:  <u>09/12/2017</u>                        GRIEVANCE #:  <u>WR-17-00304</u>

Please be advised, I have received your Grievance dated <u>09/11/2017</u> on <u>09/12/2017</u> .
Your grievance was rejected as either non-grievable, untimely, duplicative, frivolous, or vexatious.

_____
Signature of ADC Inmate Grievance Coord

## CHECK ONE OF THE FOLLOWING

◌  This Grievance will be addressed by the Warden/Center Supervisor or designee.

◌  This Grievance is of a medical nature and has been forwarded to the Health Services Administrator who will respond.

◌  This Grievance involves a mental health issue and has been forwarded to the Mental Health Supervisor who will respond.

◌  This Grievance has been determined to be an emergency situation, as you so indicated.

◌  This Grievance has been determined to not be an emergency situation because you would not be subject to a substantial risk of personal injury or other serious irreparable harm. Your Grievance will be processed as a Non-Emergency.

◉  <u>This Grievance was REJECTED</u> because it was either non-grievable (   ), untimely, was a duplicate of <u>WR-17-00303</u> , or was frivolous or vexatious.

## INMATE'S APPEAL

If you disagree with a rejection, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director. Keep in mind that you are appealing the decision to reject the original complaint. Address only the rejection; do not list additional issues, which were not a part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

_____     _____     _____
Inmate Signature                                      ADC #                                        Date

UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center **WRIGHTSVILLE UNIT**

FOR OFFICE USE ONLY
GRV. # _WR-17-00291_
Date Received: _8/22/17_
GRV. Code #: _60_

Name _James Ken Anderson_

ADC# _99355_   Brks # _12_   Job Assignment _Legacy Program_

_8-18-17_ (Date) STEP ONE: Informal Resolution

_8-21-17_ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why _U.A.M.S. Dr. Mahmoud's orders_
_for M.R.I. and bone scan X-rays for cancer withheld for a unreasonably prolonged time._

_8-18-17_ (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm; emergency grievances are not for ordinary problems that are not of serious nature). If you marked one, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _Withholding my cancer treatment is_
_subjecting me to a substantial risk of physical harm, imminent danger._

*Is this Grievance concerning Medical or Mental Health Services?* **YES** *If yes, circle one:* (medical) or mental

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print) _Correctional medical services Jeffrey-_
_Stieve, melissa Jones, marie Lane, vesta Blanks, D.O.N. Trice, mcCauley_
_and Thornton, all conspire in concert with A.D.C. Wendy Kelly, Rory Griffin-_
_to deny access and withhold U.A.M.S. Oncology Specialist Fadi Mahmoud's-_
_orders for M.R.I. and bone scan X-rays after chemotherapy treatments in order-_
_to determine the status of my cancer. This has been an ongoing problem and C.M.S._
_and A.D.C. intentionally interfere and neglect, fail, and refuse to schedule me for-_
_an appointment with U.A.M.S. Oncology Clinic at 501-686-8530 with deliberate-_
_indifference for Dr mahmoud's orders for my cancer treatment. Withholding doctors_
_orders for my cancer treatment causes my cancer to exacerbate. C.M.S. and A.D.C.-_
_are also withholding my Lupron from me. Lupron is a cancer prevention drug._
_Withholding Lupron subjects me to imminent danger of exacerbated metastatic-_
_cancer._

_Respectfully submitted,_

_J.K. Anderson, 99355_

Inmate Signature

_8-18-2017_

Date

SEP 27 2017

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on _18 Aug 17_ (date), and determined to be **Step One** and/or an Emergency Grievance
_____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: _J. Kerr_   Date _8-18-17_

_M. Cloud Johnson_   _4833_   _18 Aug 17_
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received

Describe action taken to resolve complaint, including **dates:** _Mr. Anderson, We will_
_have a appointment for the oncologist_
_at UAMS soon_

Staff Signature & Date Returned _J. McClendon_   Cpl _K. Anderson_ 8-21-17
Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____   Date: _____

Action Taken: _____   (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____   Date: _____

-------------------------------------------------------------

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.          ADC #: 099355          GRIEVANCE#:WR-17-00271

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On August 18, 2017, you grieved that CCS officials are conspiring with ADC officials to withhold Dr. Mahmoud's orders for a MRI and bone scan to determine the status of your cancer. You also state that officials are withholding your Lupron, which you state is a cancer prevention drug.

The medical department responded, "You completed an appointment with Dr. Mahmood on 9/19/19 to review you per your condition. You are on schedule for all of the requested treatments and reviews per Dr. Mahmood in the process of your condition. Your grievance is therefore without merit."

Your appeal states Dr. Mahmoud told you during the September 19, 2017 encounter that he could not provide the cancer treatment you need due to the refusal of CCS to do a PSA as he ordered. You state grievance #NC-16-01092 shows that your Lupron was withheld for three years by Dr. Kamel. You state Dr. Mahmoud duly noted that Dr. Kamel withheld your Lupron for three years, which caused you to have to have chemotherapy. You state Dr. Mahmoud has now abandoned your case.

According to the grievance policy, an appeal cannot raise new or additional issues or complaints. Also according to the grievance policy, the portion written below your signature is not part of the appeal and, therefore, will not be addressed at this time: you must write in the designated space.

The issue regarding the MRI and bone was addressed in grievance WR-17-00233, refer to that response. You completed chemotherapy May 15, 2017 and you received your first dose of Lupron on the same date. Your next dose is due in November 2017.

Your allegations of officials withholding Dr. Mahmoud's orders are unfounded; therefore, this appeal is without merit.

_____          _____
Director                                                          Date        10/17/17

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)
Unit/Center **WRIGHTSVILLE UNIT**

AUG 29 2017
WRIGHTSVILLE

Name **James Ken Anderson**

FOR OFFICE USE ONLY
GRV. # **WR - 17 - 00279**
Date Received: 8/29/17
GRV. Code #: **600**

ADC# **099355**   Brks # **12**   Job Assignment **Think Legacy**

**8/29/17** (Date) STEP ONE:  Informal Resolution

**8/29/17** (Date) STEP TWO:  Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: My M.R.I. and Bone-
Scan X-rays are four, (4), months past due.

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature).  If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt.  In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* **YES** *If yes, circle one:* (medical) or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): On 8/28/17, about 7:00 a.m. the
A.D.C. Transportation officers had me in route to U.A.M.S.
Hospital in Little Rock for M.R.I. and Bone Scan X-rays when
C.C.S. nurse Nelson called the transport van to advise that
my appointment was cancelled... C.C.S. Nurse Nelson cancelled
my appointment to make room for transportation to Jones Eye Clinic.
My appointments for M.R.I. and bone scan X-rays have been denied,
withheld, and interfered with for the past four months. My cancer
is stage four, metastatic, and my past critical condition of urgency
has produced present detected symptoms capable of causing my death.

Received

SEP 27 2017

Deputy Director
Health & Correctional Programs

J.K. Anderson, 99355                          8-29-2017
Inmate Signature                                Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on **8-29-17** (date), and determined to be **Step One** and/or an Emergency Grievance
_____ (Yes or No).  This form was forwarded to medical or mental health? _____ (Yes or No).  If yes, name
of the person in that department receiving this form: J. Price, RN _____ Date 8/29/17
Sgt. Brown                    105440        Sgt. Brown                    8-29-17
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature          Date Received
Describe action taken to resolve complaint, including **dates**: Mr. Anderson your
appointment was rescheduled by the medical provider.
You already have an appointment pending.

Staff Signature & Date Returned  J. Price RN 8/29/17 Inmate Signature & Date Received  J.K. Anderson 8/29/17
This form was received on _____ (date), pursuant to **Step Two**.  Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____  Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____  Date: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts;  **BLUE** - Grievance Officer;  **ORIGINAL** - Given back
to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.          ADC #: 099355          GRIEVANCE#:WR-17-00279

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On August 29, 2017, you grieved that your bone scan and MRI were canceled. You state you were en route to your bone scan and MRI on August 28, 2017 when Nurse Nelson called the transportation officers and advised them that your appointment was cancelled. You state Nurse Nelson canceled your appointment to make room for transportation to Jones Eye Clinic. You state you have stage four cancer.

The medical department responded, "Your appointment was rescheduled per the offsite provider due to the multiple appointments that was scheduled for you that day needed to be divided into a couple of days. You were rescheduled for 9/12/17 to complete the multiple appointments. Your grievance is therefore without merit as the outside provider cause this appointment change."

Your appeal questions what happened to the September 12, 2017 appointment if the medical department's response is correct and true. You state according to the September 19, 2017 appointment with Dr. Mahmoud, the September 12, 2017 appointment was for your PSA, which you state was unavailable for Dr. Mahmoud at the September 19, 2017 encounter.

According to the grievance policy, an appeal cannot raise new or additional issues or complaints.

As stated in the medical department's response, your August 28, 2017 appointment was rescheduled by the offsite clinic due to the amount of appointments you had scheduled for that day. The appointment was rescheduled and the bone scan was completed September 12, 2017. The medical department does not determine which lab tests are completed during offsite appointments.

This appeal is without merit.

_____          _____
Director                                          Date   10/12/17

IGTT430                              Page 1 of 1

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center **WRIGHTSVILLE**

Name **James Ken Anderson**

ADC# **99355**   Brks # **12**   Job Assignment **Think Legacy**

FOR OFFICE USE ONLY
GRV. # **WR-17-00330**
Date Received: **9/22/17**
GRV. Code #: **600**

*J. Trice PH*
*9/27/17*
*Not Grievable*

**9/22/17** (Date) STEP ONE:  Informal Resolution

**9/26/17** (Date) STEP TWO:  Formal Grievance (All complaints/concerns should first be handled informally.)

If the issue was not resolved during Step One, state why: **U.A.M.S. Dr. Mahmood is withholding P.S.A. lab work for my cancer treatment medication.**

**9/22/17** (Date) EMERGENCY GRIEVANCE  (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt.  In an Emergency, state why: **Past critical condition of urgency has produced present detected symptoms of death from withholding cancer medicine.**

*Is this Grievance concerning Medical or Mental Health Services?* **YES** *If yes, circle one:* (medical) *or mental*

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how **you** were affected. (Please Print): **On 9-19-2017, A.D.C. Transported me to U.A.M.S. Oncology Clinic where Dr. Fade Mahmoud told me that no lab work for my P.S.A., Prostrate Specific Antigen, has been a repetive and continuous ongoing cause for withholding, interference, and medical delay in treatment for my cancer; and, that without a P.S.A. test analysis, he could not make a decision as how to know what to prescribe for treatment for my cancer...**

**On 9-22-2017, Correct Care Solutions, Director of Nurses, Ms. J. Trice, told me that Dr. Mahmood did not order for any lab work to be drawn; but, did order for me to return for my Lupron injection in two, (2), months...**

**These above stated facts of interference, withholding, and medical delays are repetitive, continuous, systematic, and malicious abuse of discretion with deliberate indifference for my past critical condition of urgency and present detected symptoms capable of causing death by withholding treatment.**

**J.K. Anderson, 99355**

Inmate Signature

**22nd day of September, 2017.**

Date   Received 10 4 2017

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on **9/22/17** (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No).  If yes, name of the person in that department receiving this form: **Ms. Trice**   Date **9/22/17**

**Lannita Long**   **55769**   _____   **9/22/17**
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received

Describe action taken to resolve complaint, including dates: **Mr. Anderson, you are unable to grievance file a grievance about an outside company. I spoke to you last week and informed you that there is no order for a PSA lab.**

**J.K. Anderson, 9-26-2017**

Staff Signature & Date Returned **J. Trice PH 9/26/17**   Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____   Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____   Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

Attachment VI

INMATE NAME: Anderson, James K.        ADC #: 099355        GRIEVANCE#:WR-17-00330

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On September 22, 2017, you grieved that your medical treatment is being delayed, which shows deliberate indifference. You state you were seen by Dr. Mahmoud, oncologist, on September 19, 2017 and he told you that PSA had not been drawn, and that without the PSA, he did not know what to prescribe for your cancer treatment. You state DON Trice told you on September 22, 2017 that Dr. Mahmoud did not order any lab work to be drawn, but that he did order for you to return in two months for your Lupron injection. You state these facts show deliberate indifference.

Your grievance was rejected at the unit level; however, you appealed the rejection.

You were seen by Dr. Mahmoud on May 15, 2017 and he noted for you to return in three months for a physical exam, lab work and images. You were seen in Dr. Mahmoud's office on September 12 and 19, 2017 and a review of his notes from those encounters does not indicate an order for blood work to be drawn prior to your appointments. My staff spoke with a nurse in Dr. Mahmoud's office to verify whether or not Dr. Mahmoud ordered a PSA to be drawn. The nurse reviewed your record and stated he could not see where Dr. Mahmoud has ordered a PSA that had not been completed.

This appeal is without merit.

_____          _____
Director                                                      Date          10/17/17

**UNIT LEVEL GRIEVANCE FORM**(Attachment I)
Unit/Center WRIGHTSVILLE UNIT

Name JAMES KEN ANDERSON

ADC# 99355      Brks # 1      Job Assignment

FOR OFFICE USE ONLY

GRV. # WR-17-00203

Date Received: 6/28/17

GRV. Code #: 60

6/19/17(Date) STEP ONE: Informal Resolution

6/20/17 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: Nurses Trice and Cross- both told me that Dr. Jones has to refer me to consult with Dr. Felix.

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* YES *If yes, circle one:* (medical) *or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how you were affected. (Please Print) ARKANSAS BONE AND JOINT ORTHOPEDIC- SPECIALIST MARK BAILEY, M.D., PRESCRIBED POST-OPERATIVE ORDERS- FOR ORTHOTIC FOOTWEAR TREATMENT FOR MY PHLANOVALOUS DEFORMITY, AND LEG LENGTH DISCREPANCY, AND COMPENSATE FOR MY KNEE REVISION- AND PERMANENTLY DISABLING INJURIES... ORTHOTIC AND PROSTHETIC- PROVIDER, DOCTOR FELIX, PROVIDED INSOLES WITH ARCH SUPPORTS- AND "DOCTOR COMFORT" BRAND ORTHOTIC FOOTWEAR THAT IS WORN- OUT AND NEEDS TO BE REPLACED... PLEASE REFER ME FOR A CONSULT- WITH DOCTOR FELIX...

Received

JUL 2 4 2017

Deputy Director
Health & Correctional Programs

J.K. Anderson, #99355                    19th day of June, 2017
Inmate Signature                          Date

*If you are harmed,threatened because of your use of the grievance process, report it immediately to the Warden or designee.*
**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**
This form was received on 6/19/17 (date), and determined to be **Step One** and/or an Emergency Grievance NO (Yes or No). This form was forwarded to medical or mental health? yes (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

Sgt. William                    81172                              6/19/17
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received
Describe action to resolve complaint, including dates: Mr. Anderson, you will put in the provider, list for evaluation with Dr. Jones to determine if shoes is still appropriate

Staff Signature & Date Returned J. Trice V-6-19-17   J.K. Anderson, 6/19/17
                                                      Inmate Signature & Date Received
This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____
----------------------------------------------------------------
**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.          ADC #: 099355          GRIEVANCE#:WR-17-00203

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

On June 19, 2017, you grieved that your orthopedic shoes are worn out and you need a new pair.

The medical department responded, "A consult was written for your shoes to be reordered by Felix and they are in the process of completing your new shoe. Your grievance is with merit but resolving. We will call you down once the shoe is received from Felix."

Your appeal states to please provide due process for this ongoing problem with withholding the doctor's orders for orthotic treatment.

A consult was submitted on June 27, 2017 for you to be ordered new shoes and inserts through Felix. According to your electronic Medical Record, you received your shoes and inserts on August 14, 2017.

The medical department found your grievance with merit and you have received your shoes and inserts; therefore, this appeal is without merit.

_____          _____
Director          Date          8/30/17

# UNIT LEVEL GRIEVANCE FORM (Attachment I)

**Unit/Center** WRIGHTSVILLE

**Name** James Ken Anderson

AUG 07 2017
WRIGHTSVILLE
GRIEVANCE OFFICE

FOR OFFICE USE ONLY
GRV. # WR-17-00260
Date Received: 8/7/17
GRV. Code #: 60T0

**ADC#** 099355   **Brks #** ONE   **Job Assignment** Medical

**8/3/17** (Date) STEP ONE: Informal Resolution

**8/4/17** (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: Nurse Trice told me to put in a sick call and P.A. Lane ordered script for treatments.

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

*Is this Grievance concerning Medical or Mental Health Services?* **Yes** *If yes, circle one:* (medical) *or mental*
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how **you** were affected. (Please Print): MY LEFT KNEE/LEG IMPLANT IS A HAZARDOUS MEDICAL PRODUCT THAT IS MADE WITH TOXIC METAL AND CAUSES ME TO SUFFER WITH SORES ON MY LEG THAT WILL NOT HEAL., DR. JONES AND P.A. LANE BOTH HAVE REPETITOUSLY AND CONTINUOUSLY SEEN ME FOR MY SORES AND PRESCRIBED CIPROFLOXACIN AND BACTROBAN / MUPIROCIN ANTIBIOTICS FOR MY SORES THAT WILL NOT AND HAVE NOT HEALED SINCE MY LEFT KNEE REVISION SURGERY WAS PERFORMED.,. MY KNEE IMPLANT IS LOOSE, DEFECTIVE, AND IS A HAZARDOUS MEDICAL PRODUCT THAT CAUSES INSTABILITY AND DISABILITY.. U.A.M.S. DR. MARK BAILEY TOLD ME THAT HE NEEDS TO PUT A MENISCUS IMPLANT IN MY KNEE IMPLANT... THIS HAZARDOUS MEDICAL PRODUCT MADE WITH TOXIC METAL CAUSES SORES, INSTABILITY.. PLEASE REFER ME FOR CONSULT WITH ORTHOPEDIC SPECIALIST...

J.K. Anderson, 99355          8-3-2017
SEP 13 2017
Deputy Director
Health & Correctional Programs
**Inmate Signature**                                    **Date**

*If you are harmed,threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY

This form was received on 8-3-17 (date), and determined to be **Step One** and/or an Emergency Grievance _____ (Yes or No). This form was forwarded to medical or mental health? _____ (Yes or No). If yes, name of the person in that department receiving this form: Tabitha McCauley LPN Date 8-3-17

SSI @ HNShaw                    59265          8/3/2017
PRINT STAFF NAME (PROBLEM SOLVER)     ID Number     Staff Signature        Date Received
Describe action taken to resolve complaint, including dates: Mr. Anderson would need to submit a sick call to be seen... referred to Dr. Jones for for the evaluation

J.Tracy 8/4/17                              J.K. Anderson 8-4-17
**Staff Signature & Date Returned**          **Inmate Signature & Date Received**

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____ Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____ Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

IGTT430
3GD

INMATE NAME: Anderson, James K.        ADC #: 099355        GRIEVANCE#:WR-17-00260

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On August 3, 2017, you grieved that you need to be seen by the orthopedic specialist. You state your left knee implant is a hazardous medical product that is made with toxic metal. You state the implant is causing you to suffer with sores on your leg that will not heal. You state you have been treated with antibiotics, but the sores will not heal. You state your left knee implant is loose, defective, hazardous, and causes instability and disability. You state Dr. Bailey, doctor at UAMS, told you that he needed to put a meniscus implant in your knee implant.

The medical department responded, "You have been reviewed per this issue regarding your leg and it has been noted by orthopedic doctor Dr. Bailey that additional surgeries should be avoided if at all possible and he recommended an appropriate tennis shoe would be beneficial with good arch supports to accommodate leg discrepancy and fragile knee. You were subsequently provided medical boots. You in turn refused the boots issued to you in 2014. You have been provided shoes subsequently in 2016 and as recent as August, 2017. Your condition continues to be supported by the necessary shoes to assist in maintaining your condition. Also, MD has advised that if your condition does not resolve she will do a work up to review for osteomyelitis. Please place a sick call if you continue to have problems with your knee and resolving the sores. You have not brought this to medical attention of your continuing to having concerns with sores. Your grievance is therefore without merit."

Your appeal states Dr. Bailey told you that the knee joint he put in your left leg needs a meniscus because the implant is loose, malfunctioning, hazardous, and defective. You state tennis shoes will not fix a defective, hazardous, malfunctioning knee implant, only a meniscus will. You ask to be referred to an orthopedic specialist.

According to policy, "The Unit Level Grievance Form should only address one problem/issue and not multiple problems/issues. An inmate must use a separate form for each issue. Only one issue will be addressed." You were last seen by Dr. Bailey, orthopedist, on June 6, 2014. You are past the 15 days allotted to grieve Dr. Bailey's alleged recommendations; therefore, this issue will not be addressed at this time. The issue regarding his recommendations has been addressed in previous grievance appeals, refer to those responses.

You were seen in sick call on July 20, 2017 for complaints of a boil on your left leg. The nurse noted the boil was not completely healed and had started back swelling with light drainage noted. She noted you had previously been on Cipro for the infection, and she ordered more Cipro. You were seen in sick call on August 1, 2017 for multiple complaints including abdominal pain increasing with severity, staph sores, and your pain medication not being effective. The nurse noted she consulted with Dr. Jones regarding your pain and she gave a verbal order to increase your Hydrocodone/Acetaminophen. The nurse also noted that you only needed your diet restriction renewed, which she renewed. There is no documentation in the nurses notes that the sore(s) on your leg were assessed or addressed. You were seen by Dr. Jones on September 14, 2017 at which time she noted the wound on your leg had healed and there was no warmth or redness noted.

The medical department stated in their response that you had not brought the issue of your sores to medicals attention; however, this is not accurate as evidenced by your sick calls, at which time your sore(s) were not properly addressed. This appeal is with merit.

_Rony Griffin_
_____
Director

_10/17/17_
_____
Date

IGTT430                              Page 1 of 1



# ARKANSAS STATE MEDICAL BOARD

1401 West Capitol, Suite 340, Little Rock, Arkansas 72201 (501) 296-1802 FAX: (501) 603-3555
www.armedicalboard.org

## Detailed License Verification

Queried on: Monday, September 11, 2017 at: 8:00 PM

## General Information

Name: Melanie Deborah Jones, M.D.
Specialty: Family Medicine

## Address Information

Mailing Address: 8400 Highway 386
Address 2: Po Box 1000
City/State/Zip: Wrightsville, AR 72183
Phone: (501) 897-2884
Fax: (501) 897-5716

## License Information

License Number: E-4992
Original Issue Date: 10/6/2006
Expiration Date: 12/31/2017
Basis: Exam
License Status: Active
License Category: Unlimited

License Number:
Original Issue Date:
Expiration Date:
Basis: Exam
License Status: Inactive
License Category: Withdrawn

Appearance:  No

Reason:  Complaint

Date of Action:  10/2/2009

Minutes:

*Discussion #09-287.  JONES, Melanie D., M.D.  Upon a motion by Dr. J. Beck, seconded by Mrs. A. Britton, the Board voted* unanimously that this physician be invited to the next meeting to discuss the details of this matter.

---

Appearance:  Yes

Reason:  Board Related

Date of Action:  12/4/2009

Minutes:

JONES, Melanie Deborah, M.D. appeared in response to the request of the Board to discuss the details of Discussion #09-287. Upon a motion by Dr. B. Cogburn, seconded by Mrs. A. Britton, the Board voted that an Order and Notice of Hearing be issued to this physician.  The Board further voted the disciplinary hearing should be scheduled for the April 2010 meeting to give Dr. Jones an opportunity to approach the Board at the February 2010 meeting with a solution to her situation.  There were four votes opposed to this decision.

---

Appearance:  Yes

Reason:  Board Related

Date of Action:  2/5/2010

Minutes:

JONES, Melanie Deborah, M.D. appeared at her own request to discuss her pending disciplinary action.  Upon a motion by Dr. W. Dudding, seconded by Dr. O. Atiq, the Board voted unanimously to accept Dr. Jones' offer to enter into a Consent Order regarding anorexiant prescribing in lieu of going forward with the disciplinary hearing.

---

Appearance:  Yes

Reason:  Board Related

Date of Action:  6/6/2013

Minutes:

JONES, Melanie Deborah, M.D. appeared to request that she be released from the Consent Order of March 2010.  Upon a motion by Dr. J. Hearnsberger, seconded by Dr. H. Betton, the Board voted unanimously to lift the Consent Order.



({})

# The Deadly Cost of The Entrepreneurs Hustle ({})

**By Connatix ({})**

"There's been so many of those stories that come out, it's been enough for us to come out against this model of privatization," said Jeremy Mohler of In the Public Interest, a group that tracks complaints about companies that contract with the government to provide correctional services.

El Paso County commissioners could make a final selection at their next regular meeting on Tuesday, according to the board's agenda.

The proposed contract with Armor would be prorated for six months, not to exceed $3.7 million in



billings, according to the county procurement office.

At the end of that period, El Paso County could elect to renew its contract for four more years.

The potential shake-up comes as Correct Care Solutions - or companies that fall under its corporate umbrella - battle six wrongful death lawsuits in Colorado and numerous others in at least nine states alleging negligence or substandard care.

A Sunday cover story in The Gazette profiled Correct Care's thorny litigation history - the legacy of a relationship that has generated $67 million in billings for the private, for-profit provider over the past 15 years, county figures show.

During that period, the company's name or ownership has changed three times. A spokesman for Correct Care Solutions has repeatedly denied allegations of wrongdoing.

In Colorado, pending cases against Correct Care Solutions involve an inmate who shed 30 pounds and became delusional before dying of prescription drug withdrawal; a man who died in a pool of his vomit and blood from treatable conditions; and an inmate with the mind of a 6-year-old who died of seizures after jailers confiscated a medical device that could have prevented them, according to the newspaper's report.

In addition to wrongful death claims, the company has been named as a defendant in an additional 37 pending lawsuits in the state.

A sheriff's spokeswoman previously declined to comment when asked if liability concerns spurred a decision in December to invite bids from competitors. In her memo to commissioners, El Paso County Contracts and Procurement Manager Eileen Gonzalez said the sheriff selected the new company "to achieve best value, cost-effective and efficient acquisition of a quality service."

Media accounts and court records show that Armor Correctional Health Services faces many of the same complaints as the company it is poised to replace.

In Milwaukee, the company was blamed for the 2016 dehydration death of 38-year-old Terrill Thomas at the county jail after inmates "heard his cries for water for days," The Associated Press reported in March. The company was also sued by a woman whose baby died in 2016 after she gave birth at the jail.

In Tulsa, Okla., Armor Correctional Health Services was named in a March wrongful death lawsuit filed by the family of an inmate who committed suicide after he wasn't given medication prescribed to him for anxiety.

In December, The Florida Sun-Sentinel ran a three-part series that charged the company "failed to protect" mentally ill inmates, leading to lawsuits and preventable deaths at the Broward County jail.

Armor Correctional Health Services provides health care to more than 40,000 inmates in eight states.

A representative couldn't immediately be reached for comment.

Armor Correctional Health Services Inc., a defendant in dozens of pending lawsuits nationwide over prisoners' civil rights and allegations of substandard care, will provide medical services to the jail's average daily population of roughly 1,500 inmates beginning July 15. (Courtesy El Paso County Jail)

Log in to comment (/comments/1/1603911)

El Paso County Sheriff Bill Elder has called for an end to the county's nearly 20-year relationship with its controversial jail medical services provider.

A memo made public Thursday shows that the Sheriff's Office has recommended terminating its relationship with Correct Care Solutions of Nashville, Tenn., in favor of the sheriff's preferred pick, Armor Correctional Health Services of Miami.

Whether a change would translate to fewer lawsuits over negligence and substandard care remains to be seen.

Although smaller than Correct Care Solutions, Armor Correctional Health Services has also been accused of putting profits ahead of patients, claims that have figured in a national debate over whether private companies have neglected inmates' health needs to trim costs.



## Inmate Files Lawsuit Against Correct Care Solutions in Memphis

Home / Inmate Files Lawsuit Against Correct Care Solutions in Memphis

## Inmate Files Lawsuit Against Correct Care Solutions in Memphis

It's only fair to share...



Last month I filed a lawsuit on behalf of the family of a mentally ill inmate who died while in custody at the Shelby County Criminal Justice Center. The lawsuit names both Shelby County and the private prison company that provides medical services for inmates, Correct Care Solutions.

In this case, the plaintiffs allege that Correct Care Solutions and Shelby County placed the inmate in an isolated cell and ignored his serious medical needs over the next few days. The Complaint alleges that the inmate was even deprived of basic necessities such as clothing, food, and water.



Because this lawsuit involves medical treatment of an inmate and the deprivation of constitutional rights, the lawsuit alleges both federal civil rights violations and Tennessee state law claims of negligence and medical malpractice.  I have written elsewhere about an inmate's right to bring a lawsuit for the denial of medical care.

This is the second lawsuit I have handled against Correct Care Solutions involving the mistreatment of inmates.  Read about the other one here.

By Thomas Greer | Apr 30, 2014 | Blog | 0 Comments

Share This Story, Choose Your Platform!

## Leave A Comment

Birth Injuries

Car Accidents

Truck Accidents



## Case Results

### $1.53 Million Jury Verdict: Memphis, Tennessee Car Wreck Case

Read More



## Testimonials

"What impressed me about Baker is the initial research and preparation of my case before his first contact with my...

E. Matthews - Memphis, TN



CLICK HERE FOR

| | | |
|---|---|---|
| **PCAR515** | **Parole Board** | **Date:** 10/17/2016 |
| | **Record of Release Consideration** | **Time:** 09:22 AM |

**ADC:** 099355B       **NAME:** Anderson, James Kenneth
**UNIT:** Tucker Unit
**HEARING DATE:** 10/06/2016       **HEARING TYPE:** Transfer Board Hearing

The action of the board and the most significant reasons for that action are recorded below. For a more complete explanation, contact the Institutional Parole Officer. After due deliberation, the Board ordered the following action:

**ACTION:**
Transfer To ACC Supervision

**REASONS FOR ACTION:**
None

**PRE RELEASE CONDITIONS:**
None

**CONDITIONS OF RELEASE:**
Maximum Supervision
Periodic Testing
Total Abstinence
Community Service Hours
No Association W/Victim or Victim's Family

**BOARD IMPOSED DATE:**

**COMMENTS:**
None

All releases are subject to approval of suitable plan.
Recorded for the Arkansas Parole Board.

**INMATE COPY**
**STATE COPY**
**INSTITUTIONAL PAROLE SERVICES COPY**